IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-2502-RM-NYW

MARY BENSON,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

---

**DEFENDANT'S MOTION TO COMPEL RESPONSE TO SUBPOENA TO PRODUCE TO NONPARTY GENESIS ELDERCARE PHYSICIAN SERVICES, INC.**

---

Pursuant to Fed. R. Civ. P. 37(a)(1) and 45(d)(2)(B)(i), defendant State Farm Mutual Automobile Insurance Company ("State Farm") respectfully requests that the court order nonparty Genesis Eldercare Physician Services, Inc. ("Genesis") to respond to State Farm's subpoena to produce records, and in support states:

### D.C.COLO.LCivR 7.1(a) Certification of Conferral

State Farm's undersigned counsel states that she has been unable to confer with Genesis regarding the relief requested by this Motion because Genesis did not respond to State Farm's subpoena. State Farm therefore assumes Genesis opposes this Motion.

### MOTION

Federal Rule of Civil Procedure 37(a)(1) allows this court to order a nonparty to

respond to a subpoena. *See also* C.R.C.P. 45(d)(2)(B)(i) (permitting a party issuing a subpoena to move to compel responses when objections are made). Here, State Farm served a valid subpoena on nonparty Genesis and has received no response. The court should therefore order Genesis to respond.

Specifically, in this case, plaintiff claims she is entitled to economic damages for past and future wages losses. Plaintiff did not disclose the amount of wage loss damages she claims, how that amount is calculated, or supporting documentation. *See* Fed. R. Civ. P. 26(a)(1)(A)(III). Instead, in response to written discovery requests, plaintiff "conservatively" estimated past wage losses of $100,000 and future wage losses of $150,000, "less perhaps six months to a year for unrelated medical conditions that have affected by employability." Genesis was among past employers plaintiff identified in responding to written discovery. Plaintiff did not produce her Genesis employment file—or that of any of her other past employers—but she executed releases that would permit State Farm to obtain those files.

On December 10, 2019, therefore, State Farm issued to Genesis and on December 11, 2019 personally served on its Colorado registered agent a subpoena to produce all of its records pertaining to plaintiff. *See* Subpoena to Produce to Genesis, Dec. 10, 2019 (the "Subpoena") (attached as Exhibit A); Aff. of Serv, Dec. 11, 2019 (attached as Exhibit B).[1] The Subpoena required Genesis to produce responsive

---

[1] According to Genesis's most recent report filed with the Colorado Secretary of State, its Colorado registered agent is Corporation Service Company, 1900 West Littleton Blvd., Littleton, CO 80120. *See* Genesis Periodic Report at 1, Sept. 23, 2019 (attached as Exhibit C). This is the entity upon which personal service was effected. *See* Exh. B.

documents on or before December 26, 2019, or eight days longer than required under this court's local rules. *See* Exh. A at 1. *See also* D.C.COLO.LCivR 45.1 (requiring a minimum of seven days to respond to subpoena).

Genesis never responded to the Subpoena, either by producing responsive records, stating its objections in writing, or filing a motion to quash. Genesis's failure to respond warrants an order compelling it to do so. *See* Fed. R. Civ. P. 37(a)(1), 45(d)(2)(B)(i).

For these reasons, State Farm respectfully requests that the court grant this Motion and order Genesis to respond to the Subpoena.

Dated this February 12, 2020.

          MESSNER REEVES LLP

          */s/ Heather A. Salg*
          Heather A. Salg
          MESSNER REEVES LLP
          7935 East Prentice Avenue, Suite 312
          Greenwood Village, Colorado 80111
          Phone: 303.623.1800
          Fax:   303.623.0552
          Email: hsalg@messner.com
          *Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2020, the foregoing **DEFENDANT'S MOTION TO COMPEL RESPONSE TO SUBPOENA TO PRODUCE TO NONPARTY GENESIS ELDERCARE PHYSICIAN SERVICES, INC.** was filed via the court's ECF filing system, which caused electronic service to be made on the following:

>David A. Klibaner, Esq.
>Pamela K. Pritzel, Esq.
>Klibaner Law Firm, PC
>899 Logan Street, Suite 200
>Dever, CO 80203
>david@dklawfirm.com
>Attorneys for Plaintiff

I further certify that on February 12, 2020 the foregoing **DEFENDANT'S MOTION TO COMPEL RESPONSE TO SUBPOENA TO PRODUCE TO NONPARTY GENESIS ELDERCARE PHYSICIAN SERVICES, INC.** was served on the following via U.S. Mail:

>Genesis Eldercare Physician Services, Inc.
>c/o Registered Agent Corporation Service Company
>1900 West Littleton Blvd.
>Littleton, CO 80120

>*/s/ Heather A. Salg*
>Heather A. Salg